Good morning. Could the Council for the Appellant and Appellee identify yourselves, please? Ms. McLaughlin, I think you're muted. I am. I'm just waiting until you're ready to hear from me. Okay. Good morning. My name is Joe Andrews, and I represent the Appellant, the Policemen's Benevolent & Protective Association of Illinois, Unit 156A. And I'm Ellen McLaughlin, and I'm here on behalf of the City of Chicago. Okay, you are in the First Division of the First District Appellate Court. I'm Justice Terry Lavin presiding today with my colleagues, Justice Aurelia Puczynski and Justice Mary Ellen Coughlin. We're looking for about 15 minutes per side. If we unduly badger you with questions, we might give you a little more time. That's sort of unlikely, given the particulars of this case, but let's hear from the Appellant. I should put the name of the case. Policemen's Benevolent & Protective Association of Illinois, Unit 156-A, Sergeants vs. the City of Chicago, 1-21-1316. Let's begin. Can I just type in for a minute, Justice Lavin? It's easier if we just remind everybody that we've read the briefs, the record, so we know the facts. Okay. And I'd like to reserve approximately five to seven minutes for any rebuttal. That's fine. May it please the Court. As I said, my name is Joe Andreuzzi, I represent the Appellant. This case is about a very specific issue. That the arbitrator exceeded his authority, which comes directly from the party's collective bargaining agreement, ruling on specific issues that were never presented to him. The Appellant and the appellees each presented the arbitrator the issue each party wanted to be ruled upon. Neither party, when presenting their issue statement, both at the beginning of the hearing and in their post-hearing briefs, requested that the arbitrator make a ruling as to when an investigation begins or whether command channel review is included in the investigatory process. The party's collective bargaining agreement is clear what authority an arbitrator has regarding grievances. Section 9.4 of the collective bargaining agreement spells out very clearly what authority an arbitrator has and doesn't have. It begins with what authority the arbitrator does not have. It states, quote, The arbitrator shall have no right to amend, modify, nullify, disregard, add to, or subtract from provisions of the agreement. It follows the statement with additional restrictive language. The arbitrator shall only make a decision with respect to the specific issue or issues presented to the arbitrator and shall have no authority to make a decision on any other issues not so submitted. Section 9.4C grants the arbitrator the authority to reverse or reduce any discipline penalty where the evidence demonstrates that the disciplinary investigation was unreasonably delayed and that the sergeant was prejudiced by the delay. Or, if the arbitrator finds there was reasonable basis for the delay, he must proceed on a hearing on the merits. The language is consistent with the language of the Uniform Arbitration Act 710 ILCS 5-13A2. Under the Act, the court shall modify or correct an award if an arbitrator has awarded on a matter not submitted to them, and the award may be corrected without affecting the merits of the decision. 9.4A clearly states the arbitrator has no authority to modify the contract. The appellee's own argument in their post-hearing brief actually supports this. In their post-hearing brief, the appellee wrote, quote, to find Section 9.4C confers authority upon the arbitrator to convene a hearing to determine whether there was reasonable basis for an investigation and command channel review to take longer than 18 months would constitute an addition to the contract outside the scope of the arbitrator's authority, end quote. That is exactly what the arbitrator did. Therefore, this court should modify this award. Modification would not affect the merits of this award. In the decision portion of the award, the arbitrator defines the period of time, the 18-month timeframe for an investigation. He then pinpoints the exact date he found an investigation to start and the date it ended. The arbitrator states the evidence, therefore, shows that the investigator's investigation did, in fact, exceed the 18 months in length, ending almost one month after the 18-month timeframe had expired. And finally, he states, quote, pursuant to the authority specifically granted by 9.4C of the contract, this arbitrator finds that the proposed 15-day disciplinary suspension must be reversed. The instant grievance, and this is important, the instant grievance is sustained in its entirety, end quote. However, in his award, in almost a complete contradiction to the statement, he states, quote, this grievance is sustained in part and denied in part, end quote. As stated, both the appellant and the appellee each drafted and presented their own statement of the issue. The appellant stated the issue presented is, quote, was there a reasonable basis for the city's investigation into complaint number 108-6744 to exceed 18 months in violation of section 9.4C of the agreement between the city and the union 156A, if not, what is the appropriate remedy? The appellee stated their issue presented as, whether there is reasonable cause for the disciplinary investigation into grievance conduct in CR number 108-6744 to exceed 18 months, if not, what is the appropriate remedy? And finally, the arbitrator in his decision and award stated the party's issue to be, whether there is reasonable cause for the disciplinary investigation into grievance misconduct in CR number 108-6744 to exceed the 18-month time period set forth in section 9.4C of the party's collective bargaining agreement, if not, what is the appropriate remedy? Notably, none of these statements of the issue included any other issue or even a sub-issue. It was only a single issue for the arbitrator to decide, and 9.4C of the party's agreement restricted his authority to that single issue. The arbitrator acting on his own and without any contractual authority created another issue in his award, and that was never presented to him. Regarding the arbitrator's allocation of fees, again, the contract is clear and unambiguous. Section 9.5 of the CBA specifies that the fees and expenses shall be borne by the party whose position is not submitted by the arbitrator. As stated, the arbitrator in his decision stated the grievance was sustained in its entirety. In his award, he states, quote, there is no reasonable basis for the disciplinary investigation into the grievance misconduct in CR number 108-6744 to exceed the 18-month time period set forth in section 9.4C of the collective bargaining agreement. The proposed 15-day disciplinary suspension of the grievance shall be reversed. It therefore follows that, pursuant to 9.5, that 100% of the fees should be borne by the appellee. Therefore, modification of this award results in, one, the grievance being sustained in its entirety, as the arbitrator stated. Two, any award relating to when an investigation starts or stops would be stricken from the award. And three, the city would bear all costs as required by the collective bargaining agreement. Thank you, and I welcome any questions. I have none. Anybody else have any questions? I have a real problem reconciling your position with the fact that there was evidence introduced at the hearing by both sides concerning all of the issues that you now tell us are irrelevant. And also, how is the arbitrator supposed to figure out what's reasonable without determining when the investigation begins and ends? So, this case is like many other delay arbitrations that these parties have been involved in. In previous cases, in fact, in an arbitration award that is included in the record, it's C-1848, Arbitrator Rommel, in his discussion and analysis, simply stated that what he chose to be the portion of the disciplinary investigation. He did not include that in his award. The same thing is true here. All this arbitrator needed to do was analyze the argument that was presented to him. Well, you're saying that now after the fact, but the fact of the matter is there was all sorts of evidence introduced during this hearing about these issues that you apparently believe now are irrelevant. No, I don't believe that they're irrelevant. Each party argued its position as to what was considered the disciplinary investigation. Can I just ask it this way, and I don't mean interrupt. You don't dispute the fact that there's a lot of evidence about these issues that we're discussing here this morning that was introduced during the administrative hearing? I don't. Okay, thank you. Okay, and I'm following up on Justice Coghlan's question. If the arbitrator was being asked to decide if the timing was reasonable, how could he do that without figuring out what the timing was? You're saying you don't think he should have decided that. I'm saying I don't know how he could have decided anything without figuring out the start and stop dates of the investigation. I would agree that in his analysis, he needs to explain what he considered to be the start and stop dates. That's strictly dicta. I'm sorry, dicta. However, he went a step further and then attempted to present and bring into the grievance an issue that was never put in front of him. Are you talking about the command decision? The command channel review, yes. He had to decide that in order to find a start and stop date. He had to decide that. He had to use that in his analysis. I would agree. And I go back to arbitrator Murmel's award, where they're just like this case. He sustained the grievance in its entirety, apportioned fees 100% upon the city, reversed all discipline, and merely discussed what he considered to be the start and stop dates in his analysis. He didn't take that further step to modify the contract and add language that that party should negotiate at the table rather than in an arbitration hearing. Okay, let's hear from the appellee. May it please the court. There is no base to modify arbitrator Myers decision here. As you know, judicial review of arbitration awards is extremely limited because the parties have bargained to have their disputes settled outside of the court system. When a party gets a ruling that it does not like and asks the court to rewrite that decision, it defeats the purpose of arbitration. Here, the arbitrator was well within his authority. Both parties put the length of the disciplinary investigation at issue and asked the arbitrator to decide what components are included in an investigation. The collective bargaining agreement also authorizes the arbitrator to apportion his costs between the parties and his decision to assign 25% of costs to the union based on the arguments that it made, with which the arbitrator disagreed, was not a miscalculation and it's not something that the court can modify. I'll go over the two different arguments that the union makes in a little more detail. First, the union claims the arbitrator ruled on a matter not submitted to him, such that this court could modify that under Section 13A.2 of the Uniform Arbitration Act. The question of what constitutes a disciplinary investigation was submitted to the arbitrator. Mr. Andrews has submitted that that particular issue was not set out specifically in the party's definitions of the issue. However, that's not what it means to submit an issue to an arbitrator. The arbitrator can consider any issue that arises out of the grievance that the parties argued to him during the course of the proceedings. There's no artificial limit on the issues before the arbitrator, depending on just specifically how the grievance or the initial issue is formulated. Certainly, that's not coming out of the collective bargaining agreement. So we submit it doesn't have to be in the issue statement. But even so, both parties' statements of the issue include the term disciplinary investigation, and the collective bargaining agreement clearly authorizes the arbitrator to interpret any of its terms. Section 9.4A states, the decision shall be based upon the arbitrator's interpretation of the meaning or application of the terms of this agreement to the facts of the grievance, and shall be final and binding upon the parties. So the term disciplinary investigation is right out of the collective bargaining agreement and is something the arbitrator is supposed to interpret. I think that also gives light to Mr. Andrews's point that the arbitrator was inappropriately adding language to the agreement. He was simply doing his job interpreting the agreement's terms. And then as to, you know, even setting aside the issue of, you know, was this raised in the initial questions presented, clearly when we look at the evidence in this arbitration proceeding, this was really the central issue that was raised. The parties, as I believe Justice Coughlin emphasized, presented a substantial amount of evidence. In fact, during the hearing, five different witnesses testified about what a disciplinary investigation involves. In fact, this hearing, I think the hearing lasted seven hours. It could have been extremely short had the union simply stipulated to a length that the length of the disciplinary investigation involved a delay of 22 days. But none of that would have been necessary. Instead, the union wanted to fight about that and was hoping that its definition of the investigation would be accepted. Therefore, we brought out witness after witness to talk about that. In fact, we had to go find the attorney that negotiated the collective bargaining agreement. And they brought out Paul Bellotta, the president of the Sargency Union, who was solely there to testify about this issue. The parties also briefed this in their post-hearing briefs. So it's absurd now to argue, I think, that this question was not raised. The arbitrator himself said, in denying the motion to reconsider, there was no question in my mind that the parties wanted a ruling from me on that issue. And as Justice Kuczynski pointed out, it was also something that it only made sense for him to decide. He needed to resolve the timeframe of the investigation in order to determine whether the delay was reasonable. Because otherwise, how would he even know what parts of the investigation he was looking at? Was he looking at the command channel review process, or was he just looking at the time that Sergeant Toronto had the investigation in his hands? Ultimately, he ruled for Sargent's Union on the question of whether the delay was reasonable, but he agreed with the city as to how the disciplinary investigation is defined. So just to sum that up, the matter was submitted to the arbitrator, he decided it, and there's no basis to modify the award by deleting the part of that decision that PBPA does not like. That brings me to the second claim, that the arbitrator miscalculated the apportionment of costs. He did not. Under Section 9.5 of the Collective Bargaining Agreement, the arbitrator, in the event of a decision, quote, not wholly sustaining the position of either party, shall determine the appropriate allocation of fees and expenses. I would note that it says position of either party, it does not say in the event of a decision, sustaining the grievance, which is what I believe Mr. Andrews has, the way that he's tried to rewrite this. But in fact, it says position, and that's because arbitration is not a winner-take-all kind of system. If we're solely litigating in courts, we're used to the prevailing party getting all of its fees, but that's not how arbitration works. Instead, and as is expressed in the Collective Bargaining Agreement, it's up to the arbitrator to decide how to allocate his fees, and it's very common, then, when parties take different positions, prevail on some but not on others, for the arbitrator to equitably allocate those costs between the parties, and that's exactly what the arbitrator did here. He certainly was entitled to account for the fact that the union made these five additional hours of testimony necessary by disagreeing with the city about the definition of a disciplinary investigation, and that was hours he had to spend on this case that would not have been required otherwise. It was only fair, then, perhaps generous, to assign the city 75% of the costs. So at the bottom here, the union argued the issue to the arbitrator, had him listen to five witnesses testify about it, but now, when it does not like the decision that he made, faults the arbitrator for making it. This court should reject that attempt to undo the arbitrator's work. The city requests that the court affirm the circuit court's order confirming the arbitration award. Okay, thank you very much. Any questions from my colleagues? No, I have none. Okay, neither do I. Let's move on. Any rebuttal, counsel? Yes, several things. Number one, and I'll go kind of backwards here, 9.5, the appropriation of fees, does use the language position, and it's clear that this was a disciplinary grievance, and this portion of the hearing, the position of each party was whether there was or was not an unreasonable delay. The position of the union was that there was not a reasonable basis for this delay, and therefore, our position was sustained in its entirety, as the arbitrator indicated in his decision. The counsel goes into, expounds upon the fact that this was a lengthy hearing. First of all, I don't know why that matters in this case. She says it was extremely lengthy because the union didn't stipulate as to what the city wanted to be the timeframe, and I would just argue conversely, then it could have been quicker if the city would have stipulated as to what the union indicated was the timeframe. Counsel spoke about the fact that arbitrator Myers, in an email, said that it was, there was no doubt in his mind that this is what the parties wanted. That, I think I need to emphasize, shows that the parties did not present this, any other issue, other than whether or not there was unreasonable basis for the delay. It was in his mind, not presented to him, that he brought in these additional issues or sub issues. As far as the issue that he did rule on, the single issue that he ruled on, the CBA is very, very specific and clear in unambiguous language, what an arbitrator, what issues he's allowed to rule on. And the only issues he is allowed to rule on is the one that is presented by the parties, not one that in his mind he believes are there. Thank you. Okay, thank you for the briefs that you submitted and the arguments given today, we will take the matter under advisement and get back to you with an opinion or an order in due course. We are adjourned.